**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| BONNIE PARKER, PARKER BLOOM, JOHN KRUPSKI, and MICHAEL HOWELL, *individually and on behalf of those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>EVERGREEN RECYCLING, LLC,<br><br>Defendant. | Case No. 3:26-cv-00500<br><br>Judge James R. Knepp, II<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Bonnie Parker, Parker Bloom, John Krupski, and Michael Howell ("Plaintiffs"), individually and on behalf of a putative class of similarly-situated former employees as defined herein, bring this suit against Evergreen Recycling, LLC ("Defendant"), and for their First Amended Class Action Complaint allege as follows upon information and belief and upon the investigation of their counsel:

## NATURE OF ACTION:

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act") and the Ohio Mini-Warn Act, Ohio Rev. Code Ann. § 4113.31 ("Ohio WARN Act"), and the New York State WARN Act, N.Y. Lab. Law §§ 860-860-i. ("New York WARN Act") by the Plaintiffs, individually and on behalf of the other similarly-situated persons against Defendant, their employer, for WARN Act purposes.

2. Defendant owns and operates an office located at 202 Watertower Drive, Clyde, Ohio 43410 ("the Ohio Facility") and 136 Fuller Road, Suite C, Albany, NY, 12205 ("the New

York Facility") (together, the Ohio Facility and the New York Facility are collectively referred to herein as "the Facilities").

3. Defendant abruptly terminated, unilaterally and without proper notice to employees or staff, at least 165 employees at the Ohio Facility, including Plaintiffs Parker and Bloom, which represents 33% of active full-time employees.

4. Defendant also abruptly terminated, unilaterally and without proper notice to employees or staff, at least 85 employees at the NY Facility, including Plaintiffs Krupski and Howell, which represents 33% of active full-time employees.

5. Plaintiffs were terminated on February 24 or 25, 2026, as part of a mass layoff and/or plant closing without notice.

6. Plaintiffs bring this action on behalf of themselves and other similarly-situated former employees who worked for Defendant and were terminated as part of the foreseeable mass lay off or plant closing ordered by Defendant on or around February 24 and 25, 2026, and within 90 days of those dates, and who were not provided the requisite 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act and Ohio WARN Act, and 90 days' advance written notice as required by the New York WARN Act.

7. Plaintiffs and other similarly situated employees should have received the full protection afforded by the WARN Act, Ohio WARN Act, and New York WARN Act, respectively.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

10. At all times relevant, the Plaintiffs were members of the Nationwide Class and their respective subclasses (as defined below).

11. Plaintiff **Bonnie Parker** is a citizen of the United States and resident of Sandusky County, Ohio. She was employed by Defendant at all relevant times at the Ohio Facility. She was employed for over six months at the time of her termination and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). Plaintiff Bonnie Parker was terminated without cause and did not receive 60 days' notice of her termination.

12. Plaintiff **Parker Bloom** is a citizen of the United States and resident of Sandusky County, Ohio. He was employed by Defendant at all relevant times at the Ohio Facility. He was employed for over six months at the time of his termination and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). Plaintiff Parker Bloom was terminated without cause and did not receive 60 days' notice of his termination.

13. Plaintiff **John Krupski** is a citizen of the United States and resident of Albany County, New York. He was employed by Defendant at all relevant times at the New York Facility. He was employed for over six months at the time of his termination and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). Plaintiff John Krupski was terminated without cause and did not receive 60 days' notice of his termination as required by the WARN Act or 90 days' notice as required by the New York WARN Act.

14. Plaintiff **Michael Howell** is a citizen of the United States and resident of Schenectady County, New York. He was employed by Defendant at all relevant times at the the New York Facility. He was employed for over six months at the time of his termination and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). Plaintiff Michael Howell was terminated without cause and did not receive 60 days' notice of his termination as required by

the WARN Act or 90 days' notice as required by the New York WARN Act. Upon information and belief, Plaintiff Howell is a member of the Rochester Regional Joint Board Union.

15. Defendant **Evergreen Recycling, LLC**, is a for-profit limited liability company formed under the laws of Delaware and registered to do business in Ohio and New York, with a corporate headquarters located at 9 Greenway Plaza, Suite 2400, Houston, Texas 77046.

16. Defendant conducted business in this district and, at all relevant times, operated the facilities where Plaintiffs and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

17. Defendant made the decision to terminate employees, including Plaintiffs and those other similarly situated former employees, without 60 days' advance notice pursuant to the WARN Act and Ohio WARN Act and 90 days pursuant to the New York WARN Act, terminating over 50 employees and at least one-third of the workforce.

**FACTS**

18. Until February 24, 2026, upon information and belief, the Defendant's operation was running business as usual, and employees had no indication that Defendant intended to reduce the workforce.

19. On or about February 24, 2026, Defendant informed Plaintiffs Krupski and Howell that their jobs at the NY Facility would be terminated effective the same day.

20. On or about February 25, 2026, Defendant informed a group of employees at the Ohio Facility, including Plaintiffs Parker and Bloom, that their jobs would be terminated effective the same day.

21. Defendant did not provide any advance notice of the terminations as required by the WARN Act, the Ohio WARN Act, or the New York WARN Act, even though it planned to

abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed at the Facilities.

22. Upon information and belief, no circumstances existed that would have permitted Defendant to reduce the notification period.

23. By failing to provide its affected employees who were temporarily or permanently terminated on or around February 24 and 25, 2026, with the required notice and other benefits, Defendant acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the WARN Act, Ohio WARN Act, and New York WARN Act.

## CLASS ACTION ALLEGATIONS

24. Plaintiffs bring their WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide Class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) on February 24, 2026, and within 90 days February 24, 2026.

25. Plaintiffs Parker and Bloom bring their Ohio WARN Act claim as a Class Action pursuant to Fed. R. Civ. P. 23 on behalf of the following subclass:

> **OHIO SUBCLASS:** All employees of Defendant who were terminated at the Ohio Facility pursuant to a mass layoff or plant closing (as those terms are defined in the Ohio WARN Act) on February 25, 2026, and within 90 days February 25, 2026.

26. Plaintiffs Krupski and Howell bring their New York WARN Act claim as a Class Action pursuant to Fed. R. Civ. P. 23 on behalf of the following subclass:

> **NEW YORK SUBCLASS:** All employees of Defendant who were terminated at the NY Facility pursuant to a mass layoff or plant closing (as those terms are defined in the New York WARN Act) on February 24, 2026, and within 90 days February 24, 2026.

27. Class Action treatment of WARN Act claims is appropriate because all the requisites of Federal Rule of Civil Procedure 23 can be satisfied. For example:

a. The class and each respective subclass includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Fed. R. Civ. P. 23(a)(1).

b. Questions of law and fact are common to the class and each respective subclass, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, and under the Ohio or New York WARN Act. Thus, Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2).

c. Plaintiffs are members of the class and each respective subclass, and their claims are typical of the claims of other class members. Plaintiffs have no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3).

d. Plaintiffs will fairly and adequately represent the class and each respective subclass and their interests. Moreover, Plaintiffs have retained competent and experienced counsel who will effectively represent the interests of the class and each respective subclass. Thus, Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4).

28. Class certification of the nationwide and each respective subclass is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to

individual class members would as a practical matter be dispositive of the interests of non-party class members.

29. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the putative class and each respective subclass, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class as a whole.

30. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

**COUNT I**
**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.**
**(WARN Act)**
**(*On behalf of Plaintiffs and the putative Nationwide Class*)**

31. Plaintiffs re-allege and incorporate all preceding paragraphs as if set forth in full here.

32. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1). Collectively, it operates as a single entity and/or joint employers, within the meaning of 20 C.F.R. § 639.3.

33. Plaintiffs and those they seek to represent was at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

34. The February 24, 2026, terminations at the New York Facility and the February 25, 2026, terminations at the Ohio Facility, resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees at

each facility respectively. Any ongoing terminations occurring within any 90-day period may be aggregated. 29 U.S.C. § 2102(d).

35. The WARN Act requires employers to provide 60 days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

36. Upon information and belief, Defendant did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiffs and those they seek to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give sufficient written notice to the Ohio Office of Workforce Development, or to the chief elected official of the local government within which the mass layoff was ordered. Notice was provided on February 24, 2026 to the Ohio Office of Workforce Development.

37. Defendant violated the WARN Act by failing to give timely written notice of the mass layoff and/or plant closing as required by 29 U.S.C. § 2102(a), which began on or about February 24, 2026.

38. As such, Plaintiffs and those they seek to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

39. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

40. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant has no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

**COUNT II:**
**VIOLATIONS OF THE OHIO WARN ACT, Ohio Rev. Code Ann. § 4113.31**
**(Ohio WARN Act)**
**(*On behalf of Plaintiffs Parker and Bloom, and the putative Ohio Subclass*)**

41. Plaintiffs Parker and Bloom re-allege and incorporate all preceding paragraphs as if set forth in full here.

42. Defendant is an "employer" within the meaning of the Ohio WARN Act, Ohio Rev. Code Ann. § 4113.31. Plaintiffs Parker and Bloom and those they seek to represent were at all relevant times "affected employees" within the meaning of the Ohio WARN Act.

43. The terminations of at least 50 employees at the Ohio Facility on February 25, 2026, resulted in "employment losses" as defined in the Ohio WARN Act. For purposes of the Ohio WARN Act, the Ohio Facility, individually, represents a single site of employment in that the Ohio Facility was the location to which relevant employees were assigned as their home base, the place from which their work was assigned, and the place to which they reported for work.

44. The Ohio WARN Act requires employers to provide 60 days' notice of any plant closing or mass layoff to (1) authorized representatives of affected employees, or if there are no such representatives, to the affected employees themselves; and (2) the director of job and family services and the chief elected official of the municipal corporation and the county where the plant closing or mass layoff is to occur. Ohio Rev. Code Ann. § 4113.31(E)-(F). Upon information and belief, prior to February 25, 2026, Defendant did not give any written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiffs Parker and Bloom and those they seek to represent, as that term is defined in the Ohio WARN Act. Nor, upon information and

belief did Defendant give sufficient written notice to the Ohio Department of Job & Family Services or the Office of Workforce Development, or to the chief elected officials of the municipal and county governments within which the mass layoff and/or plant closing was ordered. Notice was provided on February 24, 2026, one day before the terminations at the Ohio Facility.

45. Defendant violated the Ohio WARN Act by failing to give timely written notice of the mass layoff which began on or about February 25, 2026, as required by Ohio Rev. Code Ann. § 4113.31.

46. Moreover, Defendant's violations of the Ohio WARN Act were not in good faith, and Defendant had no reasonable grounds for ignoring the notice requirements of the Ohio WARN Act.

## COUNT III:
## VIOLATIONS OF THE NEW YORK WARN ACT
## N.Y. Lab. Law §§ 860, *et seq*. (New York WARN Act)
## (*On behalf of Plaintiffs Krupski and Howell, and the putative New York Subclass*)

47. Plaintiffs Krupski and Howell re-allege and incorporate all preceding paragraphs as if set forth in full here.

48. Defendant is an "employer" within the meaning of the New York WARN Act. N.Y. Lab. Law §§ 860-860-i.

49. Plaintiffs Krupski and Howell and those they seek to represent were at all relevant times "affected employees" within the meaning of the New York WARN Act. N.Y. Lab. Law §§ 860-860-i.

50. The February 24, 2026, the terminations of at least 50 employees at the NY Facility resulted in "employment losses" as defined in the New York WARN Act. N.Y. Lab. Law §§ 860-860-i. For purposes of the New York WARN Act, the NY Facility, individually, represents a single site of employment in that the NY Facility was the location to which relevant employees were

assigned as their home base, the place from which their work was assigned, and the place to which they reported for work.

51. The New York WARN Act requires employers to provide 90-days' notice of any plant closing or mass layoff to "affected employees and representatives of affected employees." N.Y. Lab. Law § 860-b.

52. On information and belief, prior to February 24, 2026, Defendant did not give any written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiffs and those they seek to represent, as that term is defined in the New York WARN Act, N.Y. Lab. Law §§ 860-860-i.

53. Defendant violated the New York WARN Act by failing to give timely written notice of the mass layoff and/or plant closing to the "affected employees" as required by the New York WARN Act, N.Y. Lab. Law §§ 860-860-i., which began on or about February 24, 2026.

54. Moreover, Defendant's violations of the New York WARN Act were not in good faith, and Defendant had no reasonable grounds for ignoring the notice requirements of the New York WARN Act, N.Y. Lab. Law §§ 860-860-i.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Certification of this action as a Class Action pursuant to Fed. R. Civ. P. 23(b), appointment of the Plaintiffs as Class Representatives of the Nationwide Class, Plaintiffs Parker and Bloom as Representatives of the Ohio Subclass, appointment of Plaintiffs Krupski and Howell as Representatives of the New York Subclass, and designation of their counsel of record as Class Counsel for the Nationwide Class and respective subclasses.

2. A declaration that Defendant violated the WARN Act, the Ohio WARN Act, and the New York WARN Act;

3. A judgment against Defendant and in favor of Plaintiffs and those they seek to represent for back pay to the fullest extent permitted by the WARN Act, the Ohio WARN Act, and the New York WARN Act;

4. A judgment against Defendant and in favor of Plaintiffs and those they seek to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiffs and those they seek to represent during the employment loss, to the fullest extent allowable under the WARN Act, the Ohio WARN Act, and the New York WARN Act;

5. A finding that Defendant's violations of the WARN Act, the Ohio WARN Act, and the New York WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, the Ohio WARN Act, and the New York WARN Act;

6. A judgment against Defendant and in favor of Plaintiffs and those they seek to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, the Ohio WARN Act, and the New York WARN Act, and for discretionary costs pursuant to Fed. R. Civ. P. 54(d);

7. Such other and further relief as this Court deems just and proper and allowed under the WARN Act, the Ohio WARN Act, and the New York WARN Act.

Date: March 17, 2026

Respectfully submitted,

*/s/ Terence R. Coates*

Terence R. Coates (0085579)
**MARKOVITS, STOCK, & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
tcoates@msdlegal.com

J. Gerard Stranch, IV (*pro hac vice* forthcoming)
Mariah S. England (*pro hac vice forthcoming*)

**STRANCH JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
(615) 254-8801
gstranch@stranchlaw.com
mengland@stranchlaw.com

***Attorneys for Plaintiffs and the Proposed Classes***